Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

Division

Case No. **19-2235**

(to be filled in by the Clerk's Office)

**SECT.F MAG.5**

Barbara Johnson-Luster

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

Dr. Mark T. Esper, Secretary of the Army

*Defendant(s)*
*(Write the full name of each defendant who is being sued.  If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

Jury Trial: *(check one)*  ☒ Yes  ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Barbara Johnson-Luster |
| Street Address | 14040 15th Avenue NE #303-E |
| City and County | Seattle, King County |
| State and Zip Code | Washington 98125 |
| Telephone Number | 662-710-0600 |
| E-mail Address | johnbarb58@hotmail.com |

TENDERED FOR FILING

MAR 08 2019

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

✓ Fee _____
__ Process _____
X Dktd _____
__ CtRmDep _____
__ Doc. No. _____

Page 1 of 7

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

Name | Dr. Mark T. Esper (Representing the Agency

Job or Title *(if known)* | Secretary of the Army

Street Address | 101 Army Pentagon

City and County | Washington

State and Zip Code | Washington D.C. 20310-0101

Telephone Number | 703-693-8440

E-mail Address *(if known)*

Defendant No. 2

*an individual.*

Name | Steve Conravey, US Army Corps of Eng. USACE MVN

Job or Title *(if known)* | Asst. Chief of Construction Division New Orleans District

Street Address | 7400 Leake Ave, Rm 370

City and County | New Orleans, Orleans Parish

State and Zip Code | LA 70118

Telephone Number | 504-862-2235

E-mail Address *(if known)* | steve.e.conravey@usace.army.mil

Defendant No. 3

Name | Col. Richard Hansen, Commander USACE MVN, EEO Director

Job or Title *(if known)* | Stuart Waits 1st line supervisor   *an individual*

Street Address | 7400 Leake Ave

City and County | New Orleans

State and Zip Code | LA 70118

Telephone Number

E-mail Address *(if known)*

Defendant No. 4

Name | Christopher Moore   *individual*

Job or Title *(if known)* | EEO Manager

Street Address | 7400 Leake AVe

City and County | New Orleans

State and Zip Code | LA 70118

Telephone Number

E-mail Address *(if known)*

Barbara Johnson-Luster, Plaintiff

B.    The Defendants continue additional **Page 2A**

**Defendants No. 5**

Name:  Austin Appleton, LTC (an individual)

Job Title (if known): Second in Command to Col. Richard Hansen

Street Address: 7400 Leake Ave

City and County:  New Orleans, Orleans Parish

State and Zip Code:  LA 70118

Telephone Number:

E-mail Address: (if known)

**Defendants No. 6**

Name:  Christopher Moore (an individual)

Job Title (if known):  EEO, Manager

Street Address:  7400 Leake Ave

City and County:  New Orleans, Orleans Parish

State and Zip Code:  LA 70118

Telephone Number:

E-mail Address: (if known)

**Defendants No. 7**

Name:  Jacqueline Johnson (an individual)

Job Title (if known):  Chief Civilian Personnel Advisory Center (CPAC) USACE MVN

Street Address:

City and County:  New Orleans, Orleans Parish

State and Zip Code:  LA 70118

Telephone Number:

E-mail Address: (if known)

Barbara Johnson-Luster, Plaintiff

B.      The Defendants continue additional **Page 3A**

**Defendants No. 8**

Name:  Marian Askegren (an individual)

Job Title (if known):  Labor Management and Employee Relations Specialist

Street Address:  7400 Leake Ave

City and County:  New Orleans, Orleans Parish

State and Zip Code:  LA 70118

Telephone Number:  504-862-2797

E-mail Address: (if known) Marian.b.askegren@usace.army.mil

**Defendants No. 9**

Name:  Marianna Zimmerman, GS-0301-09 (an individual)

Job Title (if known):  Workforce Management Support Specialist

Street Address:  7400 Leake Ave Rm 370

City and County:  New Orleans, Orleans Parish

State and Zip Code:  LA  70118

Telephone Number:

E-mail Address: (if known)

**Defendants No. 10**

Name:  Robert A. Barton (an individual)

Job Title (if known): Human Resource Assistant, CHRA Fort Riley Kansas Department of the Army SW Processing Center

Street Address:  301 Marshall Center

City and County:  Fort Riley, Kansas

State and Zip Code:  Kansas 66442

Telephone Number:

E-mail Address: (if known)

Barbara Johnson-Luster, Plaintiff

**B.      The Defendants continue additional Page 4A of 4pages**

**Defendants No. 11**

Name:  Angela Atkins (an individual)

Job Title (if known): Staffing Human Resource Specialist

Street Address:  7400 Leake Ave, CPAC MVN

City and County:  New Orleans, Orleans Parish

State and Zip Code:  LA 70118

Telephone Number:  504-862-1268

E-mail Address: (if known) Angela.m.atkins@usace.army.mil

Telephone Number

E-mail Address *(if known)*

### C.   Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | US Army Corps of Engineers New Orleans District Construction Division |
| Street Address | 7400 Leake Avenue Rm 370 |
| City and County | New Orleans, Orleans Parish |
| State and Zip Code | Louisiana 70118 |
| Telephone Number | Public Affairs: 504-8622201 |

## II.   Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒   Other federal law *(specify the federal law)*:

29 USC part 791 Employment of Individuals with Disabilities;
5 CFR 430/EEOC CFR parts 1614 & 1630; MD 110; Executive Order 13164
Army Regulation (AR) 690-400 ch. 4302 TAPES-Total Army Performance Eval Sys

☐   Relevant state law *(specify, if known)*:

☐   Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

_____

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☒ Termination of my employment.
- ☒ Failure to promote me.
- ☒ Failure to accommodate my disability.
- ☒ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☒ Other acts *(specify)*:    Harrassment

  *(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

Between April 20, 2015 to August 21, 2015

C. I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☒ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

| | | |
|---|---|---|
| ☒ | race | only African American in Chief's Office |
| ☒ | color | Harrassed by African American EEO Manager |
| ☐ | gender/sex | female harrassed by male Supervisors |
| ☐ | religion | |
| ☒ | national origin | Judged by communication style Born with the way she speaks |
| ☐ | age *(year of birth)* | *(only when asserting a claim of age discrimination.)* |

Barbara Johnson-Luster  III.  Plaintiff's Statement of Claims

Plaintiff's Statement of Claims

Claim 1.

Barbara Johnson-Luster, Plaintiff, was subjected to harassment/hostile work environment,
Failure to Accommodate her disability, Treated in Unequal terms and conditions of employment,
Constructive Discharge/Termination of Employment based on her race (African American),
Color (Brown), National Origin (African), sex (female), and disability (Dysthymia) and Prior
EEO Activity.

a.      **Treated in Unequal terms and conditions of employment in job assignments
and Failure to Accommodate my disability**: As early as February 03, 2015 during the
interview process for the position her Qualifications, Training, and Reasonable
Accommodation Requests were discussed with her perspective first line supervisor
approximately 70 days before Plaintiff started her first day on the job April 20, 2015 but
was never given a Reasonable Accommodation Agreement. Hired under a Federal Govt.
Affirmative Action Program Excepted Service Schedule A Hiring Authority for
Individuals with Targeted Disabilities as an Automated Office Assistant GS-0326-05
Step 01 (with a two year probationary period) was required by her first line supervisor to
perform duties of a more senior Admin Support Assistant GS-0303-07; as documented on
her first TAPES (Total Army Performance Evaluation System) Session in addition to
learning all the other GS-05's duties she had to learn to manage a Govt. Purchase Card
Account with a Monthly Budget of $15,000.00 and Manage/Create Purchase Requests
and Commitments (PR&C's) when no other GS-0326-05 was required to perform and
that only GS-0303-07's and higher performed those duties.

b.      **Treated in Unequal terms and conditions of Employment because of her
disability**: April 20, 2015 Plaintiff was handed her first SF-50 Personnel Action which
contained the Authority Code for her Schedule A appointment with "Psychiatric
Disability" spelled out. According to OPM forms identifying ethnicity, race or disability
should never be filed in an Official Personnel Folder. Plaintiff believes that this
information was circulated throughout the District and this is a reason (a motivating
Factor for discrimination) why Steve Conravey referred to her on or about May 01, 2015
in front of other supervisors and Co-workers as having not had a "psych eval yet" and
later called her a "Suicidal Co-Worker" in a suicide training session. Steve Conravey and
Marianna Zimmerman were responsible for submitting the information on Plaintiff's SF-
52's in order to process Plaintiff's SF-50's.

c.      **Harassment in the Work Place/Hostile Work Environment**: On or around May
20, 2015 and June 1, 2015 Plaintiff *discussed* sensitive EEO Command Policy: Zero
Tolerance of Harassment issues that were not conducive to maximum personal and

Barbara Johnson-Luster   III.  Plaintiff's Statement of Claims

professional performance concerning her work environment at her work station caused by a co-worker *with Steve Conravey*, GS-0810-14 Supervisory Civil Engineer, her first line supervisor that were witnessed by Stuart Waits, Chief of Construction Division and James St. Germain, Chief of Construction Management. Mr. Conravey told the Plaintiff that Ms. Zimmerman's behavior or way of speaking was learned at an early age and he did not see her changing.

d.       **Treated with Unequal terms and Conditions of Employment/Prior EEO Activity/Adverse Personnel Action**: On June 4, 2015 Plaintiff was informed she would be sent down to a subordinate Construction Office the following the Monday, June 8, 2015 to the (NOAO) New Orleans Area Office (from the 3rd floor to the first floor) for an On-The-Job-Training (OTJT) Detail to last 30 to 60 days to be evaluated in 30 days but after the 30 day period on July 14, 2015 Steve Conravey refused to evaluate her OTJT performance and abruptly ended her OTJT without discussion.

e.       *Established Nexus **Denied Reasonable Accommodation of her Disability/Prior EEO Activity**: On June 10, 2015 Chris Moore, EEO Manager, came to her OTJT work station after meeting with her supervisor, Steve Conravey. Plaintiff later met in Chris Moore's office to discuss the her job issues about harassment/hostile work environment by Steve Conravey and Marianna Zimmerman a co-worker, and not receiving her Reasonable Accommodation Requests in writing and Training requirements in writing.

f.       *Established Nexus **Failure to Accommodate her Disability; Treated in Unequal terms and conditions of employment based on stereotypes or assumptions about the abilities of a person with disabilities/Prior EEO Activity**:  On June 11, 2015 while on OTJT in the NOAO Steve Conravey called an unplanned TAPES Session with the Plaintiff (based on advice from the EEO Manager and Marian Askegren, Plaintiff's CPAC Rep) he offered her a demotion to a GS-04 trainee position because he didn't understand her disability now or before he hired her then threaten if she did not accept the offer he would have to evaluate her in a bad light; then required her to attend Employee Assistance Program Counseling so Plaintiff could learn to get along with other co-workers; and denied Plaintiff a meeting with him and her OTJT supervisor, Chris Wagner, to discuss her Reasonable Accommodation Requests and a Training Schedule while on OTJT.

g.       **Harassment/Hostile Work Environment based on race and disability**:  On June 19, 2015 while teaching a Mandatory Suicide Prevention Training class Mr. Conravey called Plaintiff out by name in front of the Chief of Construction and other co-workers (Plaintiff was the only African American in the Chief's office) and used the Plaintiff as an example of a Suicidal Co-Worker and said "that's what I meant about Barbara and the cake knives" as if it was common knowledge when he referred to an earlier comment he said in front of other supervisors and an a co-worker (a demeaning statement referenced with the EEO Manager on June 10, 2015) when he stated "I don't think Barbara should have cake knives, she hasn't had her psych eval yet".  After the

Barbara Johnson-Luster   III.  Plaintiff's Statement of Claims

Suicide Training Plaintiff called the EEO Manager and complained again about Mr. Conravey's derogatory statements.

h.        **Treated in Unequal terms and conditions of employment on job assignments and showing favoritism**: On July 23, 2015 Steve Conravey held an unplanned meeting with the Plaintiff and Pat Mefferd a co-worker (similarly situated white disabled female) and required them to divide the admin duties in the Construction Division by giving Plaintiff half of Ms. Mefferd's  total workload of 40 timekeeping employees and Ms. Mefferd would begin to answer the incoming office phone line and check the copiers for paper each morning.

i.        **Sex and Color Discrimination/Harassment/Hostile work environment/Treated in Unequal terms and conditions of employment**: On July 24, 2015 Chris Moore, the EEO Manager (a bark brown complexion African American Male) led Plaintiff to believe she was attending an ADR Mediation session later to learn it was a Face to Face Traditional Counseling Session that was held inside Mr. Conravey's office. Chris Moore, siding with the Agency, facilitated the session. They first discussed Plaintiff's TAPES Evaluation Instructions when Mr. Conravey began to harshly demean the Plaintiff by telling her "I don't know anyone who reads all that and I hope you are not out there reading it either" then later saying "no one likes you!" When Plaintiff asked who had complained about her he said "no one, that's my observation". These statements made Plaintiff cry and became very upset and nervous to finally know that he did not like her and had sabotaged her training with covert white supremacy racism. The meeting ended abruptly.

j.        **Failure to Accommodate my disability Denied Reasonable Accommodation Denied Administrative Leave**: Treated in unequal terms and conditions of employment: August 3, 2015 through August 21, 2015 Plaintiff was on sick leave directly related to the Harassment/hostile work environment in the Construction Division (she ran out of sick leave) she was denied Administrative Leave asked for in her Formal Complaint Resolutions.

k.        **Constructive Discharge/Termination of Employment due to Adverse Personnel Action(s)**: Plaintiff had waited for the Agency Commander Hansen or LTC Appleton to talk with her as a Resolution Request but had not heard from any Agency Representative concerning her EEO Claim.  Plaintiff filed her Informal Complaint on July 6, 2015.  On August 17, 2015 Plaintiff submitted a Formal Complaint of Discrimination then three days later beginning August 20 and 21st Chris Moore, *EEO Manager speaking for the Agency* emailed her twice in an attempt to coerce Plaintiff into agreeing to an undesirable reassignment to the Engineering Division which Plaintiff considered to be an Adverse Personnel Action being Plaintiff was not represented by legal counsel nor had an EEOC Admin Judge been assigned to the Formal Complaint. Under duress Plaintiff submitted her Constructive Discharge on August 21, 2015.

Barbara Johnson-Luster  III.  Plaintiff's Statement of Claims

l.        **Treated in Unequal terms and conditions of employment because of disability and Denial of ADR Mediation**:  August 12, 2015 Plaintiff received The Counselor's Report and discovered the only Basis for her Complaint checked on the report was "Mental" and that she should have been allowed ADR Mediation at the Pre-Complaint stage but never signed the form where the "Aggrieved must sign and date" only if the Matter was determined not appropriate for ADR. Where the Matter was determined appropriate for ADR was checked and Jody Ancar initialed and dated the form August 12, 2015 and the Election of Traditional Counseling was signed by Jody Ancar dated July 06, 2015.

m.       **Treated in Unequal terms and conditions of employment/Final Separation Papers Incorrect from Fort Riley CPAC.** September 04, 2015 Plaintiff received her Official Separation Papers from Fort Riley with incorrect information, then Marian Askegren sent papers from Plaintiff's eOPF and they had incorrect information and there were different copies of SF-50B forms for the same action.

n.        **Treated in Unequal terms and conditions of employment denied opportunity to correct erroneous information on Plaintiff's electronic Official Personnel File (eOPF)**: October 15, 2015 Jackie Johnson, Chief CPAC MVN emailed Plaintiff in response to LaQuinta Martin, HR Specialist Team Lead telling Plaintiff she had never seen a SF-50B Personnel Action Form. Plaintiff wanted to view her own file but was not given the opportunity. Plaintiff had SF-50B's in folder and the CPAC Chief said her office did not use those forms. Angela Atkins and Robert Barton were the Approving Agents and verified all the information concerning the errors. Plaintiff believes that her eOPF had been accessed by unauthorized personnel.

Claim 2.

**Retaliation by Agency Representatives, Supervisors, and Manager(s)**: Plaintiff was hired in a Federal Govt. Affirmative Action Program based on her disability and she discussed her disability and reasonable accommodation requests in the hiring stage which is Protected EEO Activity, the employer did take several materially adverse actions directly aimed at the Plaintiff especially after she opposed or perceived to oppose conduct made unlawful by EEO Laws enforced by the EEOC and opposed actions that went against her employer's "Zero Harassment" and "Civility in the Workplace" Polices.

1. Plaintiff was first retaliated against because of her disability when she requested reasonable accommodations to Steve Conravey, her first line supervisor because of his attitudinal biases towards her he ignored his obligations under the various employment laws. It was later discovered in a meeting with the EEO manager (after Plaintiff had filed an Informal

Barbara Johnson-Luster    III.  Plaintiff's Statement of Claims

Continue Claim 1
Complaint July 06, 2015) and her supervisor on July 24, 2015 in a Face to Face
Counseling Session when he harshly admitted that is was his observation that no one
liked her and that no one had complained about her. Also, discovered in the Counselor's
Report, Mr. Conravey was allowed to fill out a questionnaire for the pre-complaint stage
after the Plaintiff's final interview August 05, 2015 when he stated "her disability is not
visibly evident an I still don't have a complete understanding".

2.  Plaintiff was retaliated against on June 11, 2015, one day after she met with the EEO
manager on June 10, 2015 in his office when she report harassment, denied reasonable
accommodations and being treated differently by her supervisor; Mr. Conravey
recommended that she accept a demotion from a GS-05 to a GS-04 trainee position with
a difference in compensation and benefits of employment. He refused to meet with the
Plaintiff and her OTJT supervisor to discuss her reasonable accommodation requests and
training details and schedule. Mr. Conravey required Plaintiff to attend Employee
Assistance Program (EAP) counseling to help her get along with co-workers.

3.  Plaintiff was retaliated against after she filed an Informal Complaint on July 06, 2015
while she was on OTJT scheduled for 30-to-60 days, Mr. Conravey came to her cubicle
in the NOAO on July 14, 2015 and ordered her to stop her training and return to the
Construction Division the next Monday.

4.  Plaintiff was retaliated against after Mr. Conravey had stopped her OTJT he refused to
evaluate her OTJT performance until after meeting with the EEO manager on July 24,
2015.

5.  Plaintiff was retaliated against by the Agency represented by Chris Moore, the EEO
Manager, when she was forced to resign on August 21, 2015 after she filed a Formal
Complaint on August 17, 2015.

6.  She was retaliated against by Jackie Johnson, Chief of CPAC and Marian Askegren
Plaintiff's CPAC rep for not allowing her to have access to her Official Personnel
Records when it was discovered that erroneous information approved by Angela Atkins
and Robert Barton both Approving Agents was in her permanent personnel file after
Plaintiff received her Separation Papers from Fort Riley CPAC September 04, 2015.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

☒  disability or perceived disability *(specify disability)*

Dysthymia/Major Depression/Adjustment Disorder

E.  The facts of my case are as follows.  Attach additional pages if needed.

See Attached Sheet

*Enclosed: Counselor Report – August 2015*

*Formal Complaint – August 17, 2015*

---

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.  Exhaustion of Federal Administrative Remedies

A.  It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

Formal Complaint August 17, 2015; Informal Complaint July 6, 2015

B.  The Equal Employment Opportunity Commission *(check one)*:

☐  has not issued a Notice of Right to Sue letter.

☒  issued a Notice of Right to Sue letter, which I received on *(date)*   12/14/2019   .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.  Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐  60 days or more have elapsed.

☐  less than 60 days have elapsed.

## V.  Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

### E.   The Facts of the case:

1. **February 3, 2015**:  Plaintiff was interviewed by her would be 1st Line Supervisor, Steve Conravey, GS-0810-14 Supervisory Civil Engineer, U S Army Corps of Engineers Mississippi Valley New Orleans (USACE MVN) District where they discussed her Reasonable Accommodation Requests, Training for an Office Automation Assistant GS-0326-05 step 01 position. Plaintiff had 20+ years' experience as an Administrative Assistant and an AAS Degree as a Legal Secretary/Assistant from Renton Technical Institute, Renton, WA2004.

2. **February 10, 2015**:  Plaintiff received a Tentative Hired Notice.

3. **April 20, 2015**:  Plaintiff's first day on-the-job her supervisor showed her to her work station and telephone. He introduced her to Marianna Zimmerman, GS-0301-09 Workforce Management Specialist as her office buddy to ask questions. Ms. Zimmerman sat directly across for the Plaintiff's work station.   Plaintiff's Reasonable Accommodations Requests were not discussed. Ms. Zimmerman handed Plaintiff her first Personnel Action Standard Form-50 with the disability code and "Psychiatric Disability" spelled out.

4. **May 04, 2015**:  First day Plaintiff's CAC card worked giving her access to a computer.

5. **May 05, 2015**:  Plaintiff had her first Total Army Personnel Evaluation System (TAPES) Session with Steve Conravey.

6. **May 20, 2015 and June 1, 2015**:  Plaintiff met with Mr. Conravey and also discussed the level of distractions and harassing behaviors in the lobby area of the Chief's Office (her work station area); particularly by Marianna Zimmerman when she loudly reprimanded the Plaintiff in the presence of Stuart Waits, GS-0810-15, Chief of Construction Division making the Plaintiff very upset and nervous. Another incident was when Ms. Zimmerman in a loud tone said derogatory statements to a Supervisor in the lobby area causing a distraction. Mr. Conravey told the Plaintiff "that's the way she learned to talk and I don't think she is going to change" concerning Ms. Zimmerman.

7. **June 04, 2015**:  Plaintiff was called into Mr. Conravey's office where she was informed she would be moved to a subordinate office the New Orleans Area Office Rm 189 for On-The-Job Training (OTJT) for 30 to 60 days to be evaluated in 30 days she would train with Maria Thompson, GS-0303-07 Administrative Support Assistant and her supervisor

**June 04, 2015 continued**:

would be Chris Wagner, GS-0810-13 Supervisory Civil Engineer New Orleans Area Office (NOAO).   Mr. Conravey would remain her supervisor of record.

8. **June 08, 2015**:   Plaintiff started OTJT and was informed Mr. Conravey had selected her to complete (15 hour lecture/40 clock hours prerequisite for all Govt. Purchase Card Holders) the Judge Advocate General Corps (JAG) Fiscal Law/Comptroller Accreditation Training Course that no other GS-05 was required to complete in addition to completing all mandatory Govt. training with pre-established deadlines, details in Travel Duty (TDY) Documents, Timekeeping, Govt. Purchase Credit Card Management Procedures, Purchase Requests & Commitments (PR&C's) for office supplies, Office Equipment Inventory and Maintenance Procedures. Chris Wagner NOAO Supervisor came to Plaintiff's work station about her asking her trainer for a training schedule and he told Plaintiff in a derogatory tone while he stood over her that she had no input and to "do as you're told". Plaintiff emailed Steve Conravey with her concerns.

9. **June 09, 2015**:   Plaintiff started the Fiscal Law Course.

10. **June 10, 2015**:   Christopher Moore, EEO Manager came to her OTJT station he said because he had met with Plaintiff's supervisor Mr. Conravey. They later met in his office and Plaintiff discussed her concerns about harassment/hostile work environment by her supervisor Steve Conravey and Marianna Zimmerman, her Reasonable Accommodation Requests and OTJT Instructions.

11. **June 10, 2015**: Mr. Conravey filled in the Plaintiff's TAPES Evaluation before he met with her the next day.

12. **June 11, 2015**:   Mr. Conravey called a surprise TAPES Session/meeting with Plaintiff he said to discuss what he and Chris Moore, EEO Manager and Marian Askegren, Plaintiff's CPAC Representative had discussed. Although the Plaintiff would not be eligible for her first annual review until one year on the job training was complete Mr. Conravey attempted to persuade Plaintiff into accepting a downgrade/demotion from a GS-05 to a GS-04 Trainee Position because he didn't understand her disability and that she had wanted to undated her Microsoft Office Skills and he would be able to evaluate her in a better light (Plaintiff declined the offer). On the advice of Marian Askegren her CPAC Rep he required Plaintiff to attend an Employee Assistance Program Session so she could learn how to get along with other co-workers; he also denied Plaintiff her request to discuss her reasonable accommodation requests and training schedule with Chris Wagner her OTJT supervisor.

13. **June 19, 2015**:  During a mandatory Suicide Prevention Training facilitated by Mr. Conravey he singled Plaintiff out by name as a "Suicidal Co-Worker" then said "that's what I meant by Barbara and the cake knives" as if everyone knew what he was talking about. Marianna Zimmerman was the only co-worker present when he first mentioned cake knives and the Plaintiff should not have knives because she hadn't had her "psych eval yet". After the meeting Plaintiff called the EEO Manager, Chris Moore, and complained again that Mr. Conravey was continuing to demean her in front of the Chief and her other co-workers because of her disability. Plaintiff was the only African American in the meeting.

14. **July 1, 2015**: Plaintiff sent Chris Moore, EEO Manager, an email stating the reasons she wanted to file an Informal Complaint.

15. **July 6, 2015**: Plaintiff filed an Informal Complaint of Discrimination in person and was assigned Jody Ancar as her EEO Counselor she also requested the Alternative Dispute Resolution (ADR) method to resolve her work issues with Mr. Conravey and never signed the Counselor's Report for Traditional Counseling but was later led to believe that the July 24, 2015 meeting with Mr. Conravey facilitated by Chris Moore was a Mediation Session.

16. **July 7, 2015**: Plaintiff finished the JAG Fiscal Law Course and received her certification and Govt. Purchase Credit Card GPC) with a $15,000.00 monthly limit and was later given her GPC.

17. **July 14, 2015**:   Plaintiff met with Chris Moore and Sara Jones, Louisiana Rehab Services Supervisor, in Mr. Moore's office to discuss Reasonable Accommodations when Mr. Moore attempted to coerce the Plaintiff into signing a Medical Records Release form that would have given him access to all of her records. He stated that he had never had anyone refuse to sign the form.

18. **July 14, 2015**: Later that day Mr. Conravey came down to the Plaintiff's OTJT station and required her to stop her training and return to the Construction Division on the following Monday, July 20, 2015 he refused to discuss the matter (she had only trained with Ms. Thompson 18 days total) and he refused to evaluate her OTJT progress until the July 24, 2015 meeting with the EEO Manager.

19. **July 23, 2015**: Mr. Conravey held an unplanned meeting with Plaintiff and Pat Mefferd, GS-0326-05 step 10 White Disabled Female (another similarly situated co-worker) when he directed them to divide the administrative duties where the Plaintiff would begin to take on 20 out of 40 of Ms. Mefferd's timekeeping total workload and Ms. Meffered would begin to share answering the incoming phone line and check the copiers for paper.

3

20. **July 24, 2015**: This is the day Plaintiff felt that her first line supervisor was a white supremist and had racial animosity towards her with all his derogatory statements in front of the EEO Manager, other supervisors and co-workers and was sabotaging her training the entire time. The EEO Manager facilitated a meeting between the Plaintiff and Mr. Conravey inside Mr. Conravey's office. The EEO Manager led the Plaintiff to believe the meeting was an ADR session but later she found out it was a Face to Face Informal Counseling Session not with her assigned Counselor Jody Ancar. In the meeting the Plaintiff discussed her concerns that she had never gone over her job description or discussed the TAPES Evaluation Instructions with her supervisor. Mr. Conravey admonished the Plaintiff in a harsh tone that he did not know anyone that read all that (TAPES Instructions) and he hoped she was not out there reading it either then later said that it was his observation that "no one liked her" this made the Plaintiff very afraid then she asked who had complained about her he said "no one had complained". The meeting ended abruptly the Plaintiff was in tears.   Mr. Moore and Mr. Convravey continued to meet. The Plaintiff later found out they had discussed Mr. Moore telling Mr. Conravey that his comments were inappropriate and they also discussed a reassignment for the Plaintiff (without her knowledge) to the Operations Division.

21. **July 27, 2015 - July 31, 2015**: Both the Plaintiff's supervisors (Conravey and Waits) were on leave.

22. **July 31, 2015**: Plaintiff left work early felt ill and could not concentrate or continue to hold her composure.

23. **August 03, 2015**: Plaintiff started sick leave until her Constructive Discharge.

24. **August 05, 2015**: Plaintiff received an email from Jody Ancar, EEO Counselor, that the email was her final Counseling Session and gave her instructions how to proceed. Plaintiff was never informed of the Agency's Decision(s).

25. **August 06, 2015**: Plaintiff discovered (later during the discovery phase) there was not a Pre-complaint investigation done by the EEO Staff. Mr. Conravey was named as the only witness and he was emailed his pre-complaint questionnaire and asked to submit it no later that August 7, 2015. The Plaintiff had submitted her statement in person on July 6, 2015 as part of her Informal Complaint.

26. **August 12, 2015**: Plaintiff received the Counselor's Report and discovered that her case was appropriate for ADR. Plaintiff also discovered that the only Basis checked for her Complaint was "Mental" and that the EEO Manager and Staff considered her "Mental" and was biased against her.

27. **August 17, 2015**:  Plaintiff submits her Formal Complaint of Discrimination. The Original went to the EEO Manager and a copy to Commander Hansen. She also sent her last doctor's statement for her sick leave to Mr. Conravey.

28. **August 20 and 21, 2015**:   The first Statements from the Agency on any action to the Plaintiff's Complaints or Resolutions. The EEO Manager, Chris Moore, speaking for the Agency emailed two different emails to Plaintiff informing her the Agency would not approve her Administrative Leave Request but they were willing to reassign her to the Engineering Division if she agreed to the resolution then a negotiated settlement document would be signed over the weekend and she could start work the following Monday, August 24, 2015. The Plaintiff considered the action as an Adverse Personnel Action. The EEO Manager knew the Plaintiff did not have legal counsel and that a Judge had not been assigned to the case.

29. **August 21, 2015**: Plaintiff submits Constructive Discharge notice to Chris Moore and Steve Conravey. The notice was accepted by Jody Ancar.

30. **October 19, 2015**:   A Fact Finding Conference was held in a conference room at the New Orleans District/Plaintiffs former employer. The Plaintiff was only allowed to depose Steve Conravey, her first line Supervisor and Stuart Waits, her second line supervisor. The Plaintiff was not allowed to attend any other interviews\depositions.

31. **January 12, 2016**:   Plaintiff received a copy of the Record of Investigation (ROI).

32. **February 10, 2016**: Administrative Judge Kevin Rung was assigned to the case.

33. **June 6, 2016**: One day before discovery was to end the Plaintiff's Motion to Amend her Claim was denied.

34. **August 02, 2016**: Judge Rung denied Plaintiff an Administrative Hearing and informed each side that he agrees with the agency's motion for summary judgement but will not give the Order until a much later date.

35. **March 20, 2017**: Judge Rung gives Order agreeing with the Agency's Motion for Summary Judgement.

36. **July 12, 2017**: The Office of Federal Operations (OFO) acknowledged Plaintiffs Appeal Request.

37. **December 11, 2018**: The OFO sends the Plaintiff a Right to Sue Letter.

38. **December 14, 2018**: Plaintiff received Right to Sue Letter from the OFO.

**Barbara Johnson-Luster, Plaintiff**          **III. Statement of Claim Additional Pages**

39. **February 12, 2019**: Pro Se Plaintiff sent Form AO 240 Application to Proceed Without Prepaying Fees or Costs and Application for Appointment of Attorney to the United States District Court Eastern District of Louisiana.

40. **March 14, 2019**: Deadline for Plaintiff to file a claim in US District Court Eastern District of Louisiana.

Compensatory Relief: Had the discrimination issues raised never occurred the Plaintiff would have earned: &111,804.00 by February 21, 2019

Punitive Damages: The Plaintiff hopes for a jury trial however; whatever maximum amount allowed by law for Intentional Discrimination by Agency Representatives and Supervisors.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    3/7/2019

Signature of Plaintiff    *Barbara Johnson-Luster*

Printed Name of Plaintiff    *Barbara Johnson-Luster*

### B.    For Attorneys    N/a

Date of signing:    _____

| | |
|---|---|
| Signature of Attorney | _____ |
| Printed Name of Attorney | _____ |
| Bar Number | _____ |
| Name of Law Firm | _____ |
| Street Address | _____ |
| State and Zip Code | _____ |
| Telephone Number | _____ |
| E-mail Address | _____ |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination