UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BARBARA JOHNSON-LUSTER,** | * | **CASE NO. 19-2235** |
| vs. | * | **SEC. 5** |
| **SECRETARY OF THE ARMY.** | * | **MAG. JUDGE NORTH** |
| | * | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL AND FOR COSTS**

**MAY IT PLEASE THE COURT:**

Plaintiff, Barbara Johnson-Luster, failed to appear for her properly noticed deposition despite having notice of the deposition and been instructed by her prior counsel to appear. The Court, therefore, should compel Plaintiff to appear for her deposition at a place, date, and time of Defendant's choosing or face dismissal of her case under Federal Rule of Civil Procedure 37(d)(1)(A)(i) and (b)(2)(A)(v). Moreover, the Court should order Plaintiff to repay the Defendant's costs under Fed. R. Civ. P. 37(d)(3) occasioned by her failure to appear.

**I.      Relevant Facts and Procedural Background**

Plaintiff filed suit against Defendant under the Title VII and the Rehabilitation Act for alleged discrimination and harassment during her employment with the United States Army Corps of Engineers. Rec. Doc. 1. This matter is currently set for a jury trial on October 4, 2021, and the discovery cutoff date is August 20, 2021. Rec. Doc. 36.

1

After consulting with Plaintiff's counsel, Defendant noticed Plaintiff's deposition for August 18, 2021 at 2:00 p.m. via Zoom.[1] The afternoon before the deposition, Plaintiff notified her Court-appointed counsel with the Loyola Law Clinic that she no longer wanted them to represent her.[2] She also informed counsel that she was not feeling well and would not be appearing for her deposition.[3] Counsel informed her of her obligation to appear for the deposition the next day and confirmed that they had forwarded Plaintiff the Zoom link for the deposition.[4] Plaintiff made no attempt to contact undersigned counsel to let her know that she was ill or otherwise was not going to attend her deposition, and made no request to reschedule.

On the date and time of the duly noticed deposition, Plaintiff did not appear.[5] Plaintiff's prior counsel had informed undersigned counsel the evening before that she did not believe Plaintiff would be appearing for her deposition, but the undersigned did not receive any communication from Plaintiff herself cancelling the deposition. On the date and time of the deposition, after waiting 20 minutes from the noticed start time, Plaintiff's prior counsel and the undersigned recorded a *proces verbal* to preserve Defendant's rights.[6] It was confirmed that Plaintiff was aware of the date, time, and manner of the deposition, had the Zoom link to participate, and having attended Zoom depositions in this matter the two days prior, possessed the technological capabilities to participate.[7] Despite these facts, Plaintiff did not appear for her deposition and made no attempt to contact Defendant's counsel to cancel or reschedule.

---

[1] *See* Notice of Deposition, attached hereto as Exhibit A, and also was Exhibit A to the Zoom Proces Verbal.
[2] *See* Zoom *Proces Verbal* at 6:20-7:10, attached hereto as Exhibit B.
[3] *Id.* at 5:1-4.
[4] *Id.* at 4:23-5:1 and 7:18-21.
[5] *See* Exhibit B.
[6] *See id.*
[7] *See id.* at 4:23-5:1 and 7:18-8:5.

**II.     Argument**

    **1.     The Court should compel Plaintiff to appear for her deposition under threat of greater sanctions, including dismissal.**

Rule 37(d)(1)(A)(i) addresses a party's failure to appear for her deposition and provides: "The court where the action is pending may, on motion, order sanctions if: a party…fails, after being served with proper notice, to appear for that person's deposition…." The sanctions available to the Court include: "directing that…designated facts be taken as established for purposes of the action;" "prohibiting the disobedient party from supporting or opposing designated claims;" and "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(i), (ii), & (v). Likewise, instead of or in addition to these sanctions, "the court must require the party failing to act…to pay the reasonable expenses, including attorney's fees caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

In this case, Plaintiff failed to appear for her properly noticed deposition and made no attempt to contact Defendant's counsel to cancel or reschedule. While Plaintiff was simultaneously withdrawing her Court-appointed counsel and filing a motion for the Court to intervene and continue trial, R. Doc. 48, thus being actively involved in her case, she failed to appear for her deposition or even contact undersigned counsel to discuss. Because Plaintiff failed to appear for her own deposition, the Court should enter an ordering compelling Plaintiff to attend her deposition at a place, date, and time of Defendant's choosing under threat of further possible sanctions, including contempt of court or dismissal of her action under Fed. R. Civ. P. 37(b)(2)(A)(v). Moreover, the Court should award Defendant costs under Rule 37(d)(3) occasioned by Plaintiff's failure to appear.

**III.     Conclusion**

For these reasons, the Court should grant Defendant's motion, compel Plaintiff's attendance at a deposition, threaten dismissal for further failure to appear, and award costs under Fed. R. Civ. P. 37(d)(3).

        Respectfully submitted,

        DUANE A. EVANS
        UNITED STATES ATTORNEY

        */s/ Elizabeth A. Chickering*
        ELIZABETH A. CHICKERING (# 31099)
        Assistant United States Attorney
        650 Poydras Street, Suite 1600
        New Orleans, Louisiana  70130
        Telephone:  (504) 680-3180
        Facsimile: (504) 680-3174
        Elizabeth.Chickering@usdoj.gov
        Counsel for Defendant

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon all counsel of record to this proceeding by ECF, and also a hard copy has been mailed to:

Barbara Johnson-Luster
14040 15th Ave NE #303-E
Seattle, Washington 98125

        */s/Elizabeth A. Chickering*