UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BARBARA JOHNSON-LUSTER            CIVIL ACTION

VERSUS            NUMBER: 19-2235

SECRETARY OF THE ARMY, ET AL.            DIVISION (5)

### ORDER

Before the Court is a motion for reconsideration (Rec. doc. 80) filed by Plaintiff pro se on April 18, 2022. The motion was originally filed without exhibits. The Court later granted Plaintiff's motion to add three exhibits. (Rec. doc. 85). Defendant thereafter filed its opposition memorandum. (Rec. doc. 86). Plaintiff then filed, on May 18, 2022, a "memorandum in support" of her original motion, attaching to it some 18 exhibits comprised of 463 pages. (Rec. doc. 87). Plaintiff seeks reconsideration of this Court's order (Rec. doc. 74) granting Defendant's motion for summary judgment and the entering of judgment in Defendant's favor on March 15, 2022. (Rec. doc. 75). Having reviewed the pleadings and the case law, the Court rules as follows.

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit treats a motion for reconsideration challenging a prior judgment as either a motion "to alter or amend" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Federal Rule of Civil Procedure 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994).

The difference in treatment is based on timing. If the motion is filed within 28 days of the judgment, then it falls under Rule 59(e). FED. R. CIV. P. 59(e); *Lavespere*, 910 F.2d at 173. However, if the motion is filed more than 28 days after the judgment, but not more than one year after the entry of judgment, it is governed by Rule 60(b). FED. R. CIV. P. 60(c); *Lavespere*, 910 F.2d at 173. In the present case, Plaintiff's Motion for Reconsideration was filed April 18, 2022, 35 days after entry of judgment. Accordingly, it must be treated by the Court as a motion for relief from judgment under Rule 60(b).

Under Rule 60(b), a party may seek relief from an order for:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *United States v. Parsee*, No. CR 97-81, 2022 WL 74190, at *1-2 (E.D. La. Jan. 7, 2022).

Rule 60(b)(1) allows relief from a judgment or order for mistake, inadvertence or excusable neglect. Fed. R. Civ. 60(b). "The Supreme Court has explained that the determination of what sorts of neglect will be considered excusable is 'an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Fifth Circuit precedent dictates that relief will be afforded only in "unique circumstances," *Wilson v. Atwood Group*, 725 F.

2d 255, 257-58 (5th Cir.) (en banc), and "[g]ross carelessness is not enough.  Ignorance of the rules is not enough, nor is ignorance of the law." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985) (citing 11 Wright & Miller, Federal Practice and Procedure § 2858 at 170 (footnotes omitted)).  Whether or not to grant relief pursuant to Rule 60(b)(1) is left to the sound discretion of the district court.  *Emiii Holdings, L.L.C. v. First NBC Bank*, No. CV 17-5367, 2021 WL 291307, at *4 (E.D. La. Jan. 28, 2021).

In her motion, Plaintiff fails to cite the case law surrounding Rule 60(b) and does not enumerate any of the six factors that would entitle her to relief.  As to Rule 60(b)(1), she points to no mistake, inadvertence, or neglect that would trigger reconsideration under that provision.  At most, she implies in her original motion papers that her prior counsel (appointed by this Court to represent her pro bono after granting her motion to appoint counsel (rec. doc. 61)) either failed to follow her directions in opposing the motion for summary judgment or otherwise made decisions with which she disagreed.  She cites to no authority (and the Court is aware of none) to support the suggestion that such a grievance can satisfy the requirements of Rule 60(b)(1) in any way.

And as for her "memorandum in support," filed a month after the original motion, that memorandum is no more than a recitation of the facts that were made part of her opposition to Defendant's motion for summary judgment.  She makes no allegations of mistake, inadvertence, or neglect, nor does she point to any newly-discovered evidence that she could not have discovered before she opposed that motion for summary judgment.

Plaintiff makes no argument that factors (b)(3)-(b)(5) have any application to her case, which they clearly do not, leaving only 60(b)(6) as a possible avenue for relief.

That Plaintiff's motion is essentially a re-litigation of her prior arguments is summed up in her prayer for relief:

> Plaintiff submits that there are numerous material facts in dispute and that there are many genuine issues of credibility as they apply to the Agency as a whole.  That intentional discrimination by the Agency as a whole did occur by a preponderance of direct evidence.
> And, for these reasons the Court's Order and Judgment in Favor of the Defendant's Summary Judgment Motion on March 14,2022, should be Reconsidered and the Case reopened in the Discovery Phase and a Trail [sic] date set.
>
> (Rec. doc. 87 at 20).

Plaintiff's re-litigation of the same arguments she made in opposition to the motion for summary judgment do not satisfy Rule 60(b)(6).  Nor does the implication that her court-appointed pro bono counsel did anything wrong in opposing Defendant's motion for summary judgment.

### III.  Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Pro se Plaintiff's Motion for Reconsideration of Order and Judgment Granting Summary Judgment in Favor of Defendant (Rec. doc. 80) is **DENIED**.

New Orleans, Louisiana, this  13th  day of                    June                   , 2022.

```
          _____
              MICHAEL B. NORTH
          UNITED STATES MAGISTRATE JUDGE
```